IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

CHRISTOPHER THOMPSON,
  Plaintiff,

v.

BART BEALS,
  Defendant.

Case No. 2:26-cv-02003-JEH

**Merit Review Order**

  Plaintiff, proceeding *pro se* and currently detained at Jerome Combs Detention Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

  Plaintiff names Bart Beals, an attorney whose license was recently suspended, as the sole Defendant. Plaintiff alleges Defendant Beals accepted payment to defend him, even though Beals knew his license would be suspended

and he would not be able to represent Plaintiff. As a result, Plaintiff alleges "[his] due process was mess[ed] up." (Doc. 1 at p. 5).

Plaintiff did not provide any information about the case he paid Defendant Beals to represent him in, such as the case name, case number, or the county the case was filed in. Plaintiff also did not provide Defendant Beals' address or what city or county his law office was located in.

Venue for federal civil rights actions is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

According to an online search, it appears that Defendant Beals may be located in Cook County, but based on Plaintiff's sparse allegations, it is unclear whether venue is proper in the United States District Court for the Central District of Illinois or the Northern District of Illinois. Therefore, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. Within 30 days of this Order, Plaintiff is directed to file an Amended Complaint containing any additional information regarding Defendant Beals. Plaintiff must also provide additional information about the case he hired Defendant Beals for, such as the case name, number, and the county the case was filed in.

If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

IT IS THEREFORE ORDERED:

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, as it is unclear whether this Court is the proper venue for this action under 28 U.S.C. § 1391(b). The Court will allow Plaintiff the opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff filed a Petition to Proceed *in forma pauperis* [3] but did not file his Petition by using this Court's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). Instead, Plaintiff used a form required by Illinois Circuit Courts. Plaintiff's Petition [3] is DENIED, with leave to renew. Within 30 days of this Order, Plaintiff must pay the $405 filing fee in full or file a renewed Petition by using this Court's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). Failure to comply without good cause will result in dismissal of this case without prejudice, and Plaintiff will still be responsible for payment of the filing fee. *See* 28 U.S.C. § 1914. The Clerk is directed to send Plaintiff the forms for proceeding *in forma pauperis*.**

*It is so ordered.*

Entered: January 13, 2026

s/Jonathan E. Hawley
U.S. District Judge